**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**RALPH MCGINNIS,**

    **Defendant.**

Case No. 18-20075-01-DDC

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Ralph McGinnis's Motion for Compassionate Release (Doc. 39). Mr. McGinnis seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. *Id.* at 1. The government opposes Mr. McGinnis's motion (Doc. 42). For the reasons explained below, the court dismisses Mr. McGinnis's motion because it lacks jurisdiction over the motion.

    **1. Legal Standard**

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons to bring a motion on a defendant's

---

[1] Because Mr. McGinnis proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

behalf. But in 2018, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief. First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018). After this amendment, a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). But, unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief. *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

### 2. Analysis

Mr. McGinnis seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. Doc. 39 at 1. He argues that he is in "bad health," and at higher risk for contracting COVID-19. *Id.* And, Mr. McGinnis asserts he filed an inquiry with the warden's office about whether he "fit the COVID-19 pandemic [r]elease" but the warden responded that he did not fit the requirements. *Id.* at 2. Mr. McGinnis attaches his request and the warden's response to his motion. The request is dated April 12, 2020. *Id.* The government contends the court is without jurisdiction to decide Mr. McGinnis's motion because he has failed to exhaust

his administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires. Doc. 42 at 3. According to the government, Mr. McGinnis has fallen "remarkably short of establishing that he has in fact satisfied that burden." *Id.* at 4. So, the government asserts, the court lacks jurisdiction to consider Mr. McGinnis's motion because he has not completed the administrative appeal process.

The court agrees with the government. Mr. McGinnis's motion fails to show he has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf. 18 U.S.C. § 3582(c)(1)(A). Indeed, Mr. McGinnis reports that he filed an inquiry with the warden on April 12, 2020. Doc. 39 at 2. And, it appears the warden responded to his inquiry, but indicated he did not meet requirements for compassionate release. *Id.* But Mr. McGinnis has not shown he has exhausted his administrative appeal rights. *See* 28 C.F.R. § 571.63 (describing prisoner's appeal rights after his warden denies a request for compassionate release and noting, "denial by the General Counsel or Director [of] Bureau of Prisons [] constitutes a final administrative decision"); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting § 3582(c)(1)(A)'s exhaustion requirement means a defendant must exhaust his rights to appeal an adverse decision by the warden); *United States v. Bolze*, No. 3:09-CR-93-TAV-DCP-1, 2020 WL 2449782, at * (E.D. Tenn. May 12, 2020) (noting the court cannot modify a term of imprisonment unless defendant has "'fully exhausted all administrative rights' *or* allowed 'the lapse of 30 days' from an unanswered request to the warden" (emphasis added)).

Because Mr. McGinnis has not shown that he has exhausted his administrative rights, the court lacks jurisdiction to decide Mr. McGinnis's motion. The court thus dismisses Mr. McGinnis's motion (Doc. 39). *See Johnson*, 766 F. App'x at 651 (noting that when a court

3

lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Ralph McGinnis's Motion for Compassionate Release (Doc. 39) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**