IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RALPH MCGINNIS (01),

    Defendant.

Case No. 18-20075-01-DDC

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Ralph McGinnis's pro se[1] Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 45).[2] Mr. McGinnis's motion also asks the court to appoint an attorney to assist him in filing his motion for compassionate release. Doc. 45 at 3. The government filed a Response. Doc. 48. The court issued a Show Cause Order (Doc. 50) because Mr. McGinnis had failed to show he satisfied § 3582(c)(1)(A)'s exhaustion requirement before he filed his motion. Mr. McGinnis filed a Supplement in response. Doc. 51. Mr. McGinnis also filed a "Motion for Declaration of Default Judgment" (Doc. 49). For reasons explained below, the court denies his request for counsel and dismisses both of Mr. McGinnis's motions.

---

[1]     Because Mr. McGinnis filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. McGinnis's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[2]     Mr. McGinnis previously filed a Motion for Release from Custody asking the court for compassionate release. Doc. 39 at 1. The court dismissed that motion for failing to satisfy § 3582(c)(1)(A)'s jurisdictional exhaustion requirement. Doc. 43 at 3–4.

### I. Request to Appoint Counsel

Mr. McGinnis's Motion for Compassionate Release asks the court to appoint counsel to assist him with his motion. Doc. 45 at 3. His Motion for Compassionate Release asks the court to reduce his sentence to time served because his health conditions present an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 45.

Under the District of Kansas's Administrative Order 2020-8, motions for compassionate release during the COVID-19 pandemic are referred to the Federal Public Defender's ("FPD") office for review to determine whether the FPD will enter an appearance on behalf of the moving party.[3] The FPD has not entered an appearance in this case and it notified the court that it does not intend to enter an appearance on Mr. McGinnis's behalf.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion."). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

---

3  *In re: Order Establishing Protocol to Further Implement Standing Order 19-1 for Representation of Defendants Seeking Compassionate Release Due to COVID-19 Under Section 603(b) of the First Step Act,* Administrative Order 2020-8, at ¶ 7 (D. Kan. May 27, 2020), http://ksd.uscourts.gov/index.php/local-rule/no-20-8-order-establishing-protocol-to-further-implement-standing-order-19-1-for-representation-of-defendants-seeking-compassionate-release-due-to-covid-19-under-section-603b-of-the-first-step-ac/

Under these factors, Mr. McGinnis is not entitled to counsel. As explained below, Mr. McGinnis's motion lacks merit. And, Mr. McGinnis's motion is not legally or factually complex. He has presented his claim adequately. So, the court denies Mr. McGinnis's request to appoint counsel.

II.     **Motion for Compassionate Release**

Mr. McGinnis filed a Motion for Compassionate Release requesting medical release from prison under 18 U.S.C. § 3582(c)(1)(A). Doc. 45 at 3. A prisoner may file a motion for compassionate release with the court "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). The plain reading of the statute requires a prisoner to satisfy § 3582(c)(1)(A)'s exhaustion or lapse requirement before filing a motion. *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" (emphasis added)). "[I]f the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020). If a prisoner fails to satisfy these exhaustion requirements, then the court lacks authority to review the request. *United States v. Salcido*, No. 20-2108, 849 F. App'x 230, 2021 WL 2285220, at *1 (10th Cir. June 4, 2021) (citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014)).

According to Mr. McGinnis's motion, he submitted his request for compassionate release to the warden on October 10, 2020. Doc. 45 at 2. And the government supplied the warden's letter denying this request. Doc. 48-1 at 4. It is dated November 9, 2020. *Id*. So, based on the record and Mr. McGinnis's averments, it appears that the warden had denied his request on the 30th day. *See* Fed. R. Crim. P. 45(a)(1) (defining how to compute time for "any statute that does not specify a method of computing time"). According to this rule in the Federal Rules of Criminal Procedure, the first day of the period is October 11, 2020. Fed. R. Crim. P. 45(a)(1)(A) ("exclude the day of the event that triggers the period"). Thus, the warden's November 9, 2020, denial letter (Doc. 48-1 at 4) was dated on the 30th day after Mr. McGinnis's request. It thus was timely under § 3582(c)(1)(A)'s 30-day lapse requirement. This timely response by the warden required Mr. McGinnis to exhaust his administrative rights before filing a motion with the court. *See McIntosh*, 2020 WL 5747921, at *2. Since the record was unclear whether he pursued those rights, the court issued a Show Cause Order. Doc. 50 at 2.

In response, Mr. McGinnis filed a Supplement on June 8, 2021. Doc. 51. Mr. McGinnis's Supplement explains that he "re-submitted his request to [the] complex warden to satisfy the court's request and concern(s)[.]" *Id.* at 1. Mr. McGinnis's Supplement does not assert any facts allowing this court to determine whether he has satisfied § 3582(c)(1)(A)'s exhaustion requirements before filing his current motion with the court. So, this court does not have the authority to consider his Motion for Compassionate Release based on his October 10, 2020, request to the warden. *Salcido*, 2021 WL 2285220, at *2 (vacating district court's denial of compassionate release motion for prisoner's failure to exhaust administrative remedies and instructing the court to dismiss for lack of jurisdiction). The court thus dismisses Mr. McGinnis's Motion for Compassionate Release (Doc. 45) without prejudice to refiling another

motion if (1) he submits a request for relief under 18 U.S.C. § 3582(c)(1)(A) to the warden of his BOP institution, and (2) he demonstrates either exhaustion or lapse.[4]

### III. Motion for Declaration of Default Judgment

Mr. McGinnis also has filed a Motion for Declaration of Default Judgment (Doc. 49). He asks the court to "declare [ ] default judgment on behalf of the petitioner and order his release." Doc. 49 at 2. He asserts the government failed to file a timely response to his motion for compassionate release because "36 days ha[d] elapse[d] with no reply." *Id.* at 1–2. On November 13, 2020, the court ordered the government to "file a Response by December 14, 2020." Doc. 46. The docket shows the government filed a Response on December 14, 2020. Doc. 48. According to the District of Kansas Local Rules, "[a]n electronically-filed document is considered filed at the date and time stated on the Notice of Electronic Filing from the court[.]" D. Kan. Rule 5.4.3(d). The government's Response was filed on December 14, 2020. The court considers responses filed on the last day of the time period timely. Fed. R. Crim. P. 45(a)(1)(C). So, the government timely responded to Mr. McGinnis's motion. And, even if the Response was untimely, Mr. McGinnis's motion never explains why an untimely response would entitle him to the relief he seeks—*i.e.*, an order modifying his sentence and releasing him from prison. The court thus dismisses Mr. McGinnis's Motion for Declaration of Default Judgment (Doc. 49).

### IV. Conclusion

This court lacks the authority to consider Mr. McGinnis's Motion for Compassionate Release (Doc. 45) because he has failed to show he satisfied § 3582(c)(1)(A)'s exhaustion

---

[4] Mr. McGinnis's Supplement asks the court "to refer to his prior filings in its determination of relief." Doc. 51 at 2. But the court declines to do so. Mr. McGinnis may file a new motion for compassionate release based on his new request to the warden if he satisfies § 3582(c)(1)(A)'s exhaustion or lapse requirements.

requirement.  The court thus dismisses his motion without prejudice to refiling.  The court also dismisses Mr. McGinnis's Motion for Declaration of Default Judgment (Doc. 49).

**IT IS THEREFORE ORDERED THAT** Mr. McGinnis's Motion for Compassionate Release (Doc. 45) is dismissed without prejudice.  This holding includes the court's decision declining to appoint him counsel.

**IT IS FURTHER ORDERED THAT** Mr. McGinnis's Motion for Declaration of Default Judgment (Doc. 49) is dismissed.

**IT IS SO ORDERED.**

**Dated this 23rd day of June, 2021, at Kansas City, Kansas.**

            **s/ Daniel D. Crabtree**
            **Daniel D. Crabtree**
            **United States District Judge**