IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RALPH MCGINNIS (01),<br><br>　　　　Defendant. | Case No. 18-20075-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Ralph McGinnis has filed a pro se[1] motion asking the court to release him from prison (Doc. 53).[2] While the motion doesn't specify the legal authority Mr. McGinnis means to invoke, the court construes it as one seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government has responded (Doc. 55). For reasons explained below, the court denies Mr. McGinnis's motion.

**I.   Background**

On May 17, 2019, Mr. McGinnis entered a guilty plea to bank robbery, violating 18 U.S.C. § 2113(a), as well as attempted Hobbs Act Robbery and Hobbs Act Robbery, violating 18 U.S.C. § 1951(a). *See* Doc. 30 at 1–2 (Plea Agreement). On September 3, 2019, the court sentenced Mr. McGinnis to 77 months' imprisonment—the low end of the guidelines range—

---

[1]   People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]   Mr. McGinnis also has submitted several letters and artwork to the court. While these materials don't appear on the court's public docket, the court has reviewed these materials alongside Mr. McGinnis's publicly filed motion. The court elects not to place these materials on the docket because they did not contribute to the court's evaluation of the motion.

and three years of supervised release. Doc. 33 at 1–3 (Judgment); Doc. 31 at 20 (Presentence Investigation Report ¶ 107) (calculating a Guidelines range of 77–96 months). Mr. McGinnis's projected release date is July 9, 2024, a little less than two years from now. *See* Ralph McGinnis (Reg. No. 04571-031), https://www.bop.gov/inmateloc/ (last visited July 22, 2022).

## II.   Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quotation cleaned up). Under this exception, the court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[3] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Recently, our Circuit held that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

After considering exhaustion, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[3]   Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief." *See Maumau*, 993 F.3d at 830 (emphasis added).

Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit doesn't view the first step—"extraordinary and compelling" reasons—as jurisdictional. *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not address the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, unless "and until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. CR 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021). The court applies the other principles to Mr. McGinnis's motion, below, in Part III.

**III.  Analysis**

To begin, Mr. McGinnis's motion doesn't say whether he's requested compassionate release from the warden at his facility, as 18 U.S.C. § 3582(c)(1)(A) requires. But, the government doesn't invoke Mr. McGinnis's apparent failure to exhaust his administrative remedies. So, the government has waived its exhaustion defense. *See Hemmelgarn*, 15 F.4th at 1031 ("Even though [defendant] failed to provide proof that he exhausted his administrative remedies, the government did not argue exhaustion on appeal. This argument is waived."). The court thus addresses the merits of Mr. McGinnis's motion.

### A. Extraordinary and Compelling Reasons

Mr. McGinnis asserts that his age and medical conditions present extraordinary and compelling reasons justifying compassionate release. The government appears to agree. *See* Doc. 55 at 8. Mr. McGinnis is 65 years old. And, he has prostate cancer and lymphoma. Doc. 53 at 1; Doc. 55 at 8. While not binding on the court, the U.S. Sentencing Commission's policy statement explicitly lists a defendant's "serious physical or medical condition" as an extraordinary and compelling reason for compassionate release—provided that the serious condition "substantially diminishes" defendant's ability "to provide self-care within the environment of a correctional facility" and that defendant isn't expected to recover from the condition. *Maumau*, 993 F.3d at 835 (quoting U.S. Sent'g Guidelines Manual § 1B1.13., cmt. n.1(A)(ii)(I)).

The court doesn't have much information about Mr. McGinnis's prognosis or his ability to care for himself in prison. But, given the government's agreement that Mr. McGinnis "may have established extraordinary and compelling reasons[,]" Doc. 55 at 8, the court assumes he has. The court thus proceeds to consider the sentencing factors in 18 U.S.C. § 3553(a).

### B. Sentencing Factors in § 3553(a)

While the court assumes Mr. McGinnis has demonstrated extraordinary and compelling reasons, the § 3553(a) sentencing factors don't favor his release. The § 3553(a) factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to

avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a).

      Mr. McGinnis committed three serious offenses.  Over the course of two days in September 2018—when Mr. McGinnis already was in his 60s—he robbed or attempted to rob three different establishments.  On September 5, 2018, Mr. McGinnis entered a Family Dollar store in Kansas City, Kansas, pointed a long rifle at a cashier, and demanded that she "give it all up."  Doc. 31 at 7 (PSR ¶ 17).  When the cashier ducked behind the counter, Mr. McGinnis left the store.  *Id.* at 7–8 (PSR ¶ 17).  About 20 minutes later, Mr. McGinnis robbed a nearby CVS Pharmacy.  *Id.* at 8 (PSR ¶ 19).  Threatening the cashier that he had a gun, Mr. McGinnis grabbed about $300 from the cash register.  *Id.*  Then, the next morning, Mr. McGinnis robbed the Bank of Labor in Kansas City, Kansas.  *Id.* at 6 (PSR ¶ 12).  He walked up to the teller and placed a note on the counter saying "This is a robbery, give me 100's and 50's.  No dye packs and no tracking devices.  Do not push no alarms and do not make no sound(s)."  *Id.* (internal quotations omitted).  The teller withdrew about $699.  *See id.* at 7 (PSR ¶ 13).  Mr. McGinnis grabbed the money and ran, yelling "the bank has just been robbed," as he ran out.  *Id.* at 6–7 (PSR ¶¶ 12–13).  Given this offense conduct, the court concludes that reducing Mr. McGinnis's sentence by any amount wouldn't reflect the nature and seriousness of his offenses.

      Other reasons also counsel against releasing Mr. McGinnis from prison.  First, Mr. McGinnis has a list of adult criminal convictions from his past.  It includes several robbery convictions, as well as a bank robbery conviction.  *See id.* at 13–15 (PSR ¶¶ 58–66).  These past convictions produced a criminal history category of IV.  *Id.* at 16 (PSR ¶ 69).  That Mr. McGinnis has committed several robbery offenses, including the most recent offenses in his early 60s, suggests that Mr. McGinnis hasn't realized the gravity of his conduct.  Also, Mr.

McGinnis already has received the benefit of a low-Guidelines sentence. His 77-month sentence was at the very bottom of the Guidelines range. *Id.* at 20 (PSR ¶ 107) (calculating a Guidelines range of 77–96 months). Finally, Mr. McGinnis's disciplinary history while incarcerated further persuades the court that compassionate release is inappropriate. In the last two years, Mr. McGinnis has assaulted a prison staff member and threatened bodily harm against a psychiatric staff member more than once. Doc. 55-1 at 1–4.

Mindful of these factors, the court concludes that releasing Mr. McGinnis from prison now—with about two years left in his sentence—wouldn't provide just punishment, promote respect for the law, reflect the seriousness of his offenses, nor protect the public.

**IV.   Conclusion**

While the court assumes Mr. McGinnis has demonstrated extraordinary and compelling reasons, the § 3553(a) factors persuade the court that releasing Mr. McGinnis from prison is inappropriate. The court thus denies Mr. McGinnis's pro se Motion for Compassionate Release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McGinnis's pro se Motion for Compassionate under 18 U.S.C. § 3582(c)(1)(A) (Doc. 53) is denied.

**IT IS SO ORDERED.**

**Dated this 25th day of July, 2022, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**